**WO**  SC

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Demar Shivers, | No. CV 09-2285-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Phoenix Police Department, et al., | |
| Defendants. | |

Plaintiff Corey Demar Shivers, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc.# 1, 4.)[1] Plaintiff has filed a First Amended Complaint and an *in forma pauperis* application. (Doc.# 6, 7.) Plaintiff has already been granted leave to proceed *in forma pauperis*; therefore, his second *in forma pauperis* application will be denied as moot. The Court will order Defendant Diaz served with the First Amended Complaint, but stay the filing of a response for 60 days, and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] "Doc.#" refers to the docket number of filings in this case.

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II.     First Amended Complaint

Plaintiff alleges three counts for selective prosecution and unconstitutional search and seizure. Plaintiff sues the City of Phoenix Police Department (City), Officer Tyler Kamp, and Detectives Leonard Diaz and Jeffrey Nolder. Plaintiff seeks compensatory and punitive damages.

Except as otherwise indicated, Plaintiff alleges the following facts in his First Amended Complaint: On February 20, 2009, Defendant Kamp told Plaintiff in front of family members and Deputy Maricopa County Attorney April Sponsel that he (Kamp) was going to put Plaintiff in prison like his brother. Plaintiff contends that Kamp made the statement because the court in a criminal case against Plaintiff's brother imposed a reduced sentence in response to a letter submitted by Plaintiff to the court. Plaintiff claims that on

May 2, 2009, Kamp followed through on his threat by perjuring himself in a police report falsely charging Plaintiff with threatening, intimidation, and assisting a street gang.

On May 16, 2009, the Phoenix Police Department and numerous officers and detectives searched Plaintiff's apartment pursuant to a search warrant. The search warrant had been issued based upon an affidavit made by Defendant Diaz that, in part, falsely stated Plaintiff had made threatening calls to the police department and several employees on May 2. (Doc.# 6 at 4.) In fact, Diaz and Defendant Nolder had already arrested Timothy Jordan Jones for the calls and Jones had admitted making the threatening calls. (Id.) Plaintiff contends that Diaz made false statements in his affidavit in support of his request for a search warrant in order to follow through on Kamp's threat.

According to Superior Court orders available on-line: Following his May 16 arrest, Plaintiff requested production of the affidavit submitted in support of the search warrant. A copy of the warrant, absent two pages, was produced to the Plaintiff. Plaintiff subsequently sought to preclude the state's use of the "search warrant, its affidavit and probable cause statement and all evidence obtained pursuant to the warrant" based on the tardy production of the two missing pages from the affidavit.[2] On December 4, 2009, following an evidentiary hearing, the Maricopa County Superior Court denied Plaintiff's motion to suppress.[3] In its minute order, the Superior Court stated there was no question that Timothy J. Jones, rather than Plaintiff, was responsible for the threatening May 2 calls and that Jones had been arrested prior to Plaintiff's arrest. See n.3, supra. However, the Superior Court found that the balance of the affidavit was sufficient to support probable cause for issuance of the search warrant of Plaintiff's residence based on a separate incident in which Plaintiff threatened Phoenix Police Officers and made statements about a local street gang. See n.3, supra. The

---

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/M4001684.pdf. A mistrial was declared in CR2009-134188 on December 28, 2009 and a new trial commenced on February 24, 2010 to be followed by trial in CR2009-130017. See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m4029987.pdf; http://www.courtminutes.maricopa.gov/docs/Criminal/022010/m4111064.pdf.

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m4001684.pdf.

Superior Court stated that "no evidence was produced at this hearing which showed that either state's counsel or the police officers involved willfully withheld the two pages in question from the defense."[4] See n.3, supra.

### III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. City of Phoenix Police Department

Plaintiff again sues the City of Phoenix Police Department. A municipality is a "person" for purposes of § 1983, i.e., a municipality such as a city or county, may be sued. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Nevertheless, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, to state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) alleges that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

---

[4] Id., Minute Entry at page 7.

Plaintiff fails to allege any facts to support that the City of Phoenix maintains a policy or custom pertinent to the asserted violations. Plaintiff also fails to allege how his injuries were caused by any municipal policy or custom. Plaintiff therefore fails to state a claim against the City of Phoenix Police Department and it will be dismissed.

**B.      Selective Prosecution**

In Counts I and II, Plaintiff alleges claims for selective prosecution. Claims of selective prosecution are judged according to equal protection standards. Wayte v. United States, 470 U.S. 598, 608 (1985); accord Dunn v. Hyra, No. C08-978JLR, 2009 WL 3674996 at *13 (W.D. Wash. Nov. 2, 2009); see Ortega Melendres v. Arpaio, 598 F. Supp.2d 1025, 1037 (D. Ariz. 2009); Sherman v. Brown, No. 2:06-cv-00911-JKS, 2009 WL 2190074 at *9 (E.D. Cal. July 22, 1009). To state a selective prosecution claim under the Equal Protection Clause, a defendant must allege that others who are similarly situated have not been prosecuted and that his prosecution was based on an impermissible motive, such as race or religion. Wayte, 470 U.S. at 608; United States v. Dumas, 64 F.3d 1427, 1431 (9th Cir. 1995). In addition, "a law enforcement officer's discriminatory motivations can give rise to a constitutional violation even where the unequal treatment occurred during an otherwise lawful criminal detention." Ortega Melendres, 598 F. Supp.2d at 1036 (citing Rodriguez v. California Highway Patrol, 89 F. Supp.2d 1131, 1141 (N.D. Cal. 2000)).

Plaintiff asserts that he was targeted for arrest and prosecution based upon personal animus against him after he submitted a letter to the court in his brother's case. However, Plaintiff does not allege that he is a member of a class that is singled out for enforcement of a law based on an impermissible motive. Plaintiff therefore fails to state a claim for selective prosecution in violation of his Equal Protection rights. Therefore, Counts I and II will be dismissed.

**C.      Search and Seizure**

Plaintiff designates Count III as a claim for violation of his Fourth Amendment rights. The Supreme Court has held that a criminal defendant has a right under the Fourth Amendment to challenge the truthfulness of statements made in an affidavit supporting a

search warrant. See Franks v. Delaware, 438 U.S. 154, 156 (1978); United States v. Barton, 995 F.2d 931, 934 (9th Cir. 1993). Further, the Fourth Amendment is violated when state officials "intentionally or recklessly submit[] false statements in an affidavit supporting a search warrant. Johnson v. Garza, 564 F.Supp.2d 845, 850 (N.D. Ill. 2008) (citing United States v. Hoffman, 519 F.3d 672, 675 (7th Cir. 2008), as following Franks, 438 U.S. at 156); see Crowe v. County of San Diego, 593 F.3d 841, 870 (9th Cir. 2010) (citing intentional and reckless standard).

Plaintiff alleges that Defendant Diaz perjured himself in an affidavit submitted in support of search warrant. Specifically, Plaintiff asserts that Diaz falsely implicated Plaintiff in making threatening calls to police stations on May 2, 2009, after Diaz and Nolder had arrested the actual perpetrator, who had admitted responsibility for the calls.

Plaintiff sufficiently states a claim against Diaz for violation of his Fourth Amendment rights. However, he fails to allege any facts to support that Nolder violated his rights. Plaintiff merely states that Nolder helped arrest Jones. Accordingly, Count III will be dismissed as to Nolder.

## IV. Heck v. Humphrey and Wallace v. Kato

A prisoner's claim for damages under § 1983 must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In this case, Plaintiff alleges Diaz violated his constitutional rights by submitting a false affidavit to the court in order to obtain a search warrant for Plaintiff's residence. As noted above, criminal charges are currently pending against Plaintiff based in part upon seizure of evidence pursuant to the search warrant. If Plaintiff is convicted, success on the merits of his claim in his First Amended Complaint may necessarily imply the invalidity of his conviction. However, Plaintiff has not, and may not, ultimately be convicted.

In Wallace v. Kato, 549 U.S. 384, 393-94 (2007), the Supreme Court stated that:

> [i]f a plaintiff files a false arrest claim before he has been convicted (*or files any other claim related to rulings that will likely be made in a pending or*

> *anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

(citations omitted and emphasis added).

Liberally construed, Plaintiff appears to state a claim against Defendant Diaz. A criminal case related to that claim in this case is currently pending and Plaintiff's civil claim is related to rulings made in his criminal proceedings. <u>See id.</u> at 393. The Court therefore finds that a stay of this civil case is appropriate. <u>Id.</u> If Plaintiff is ultimately convicted in his criminal case and his conviction is not reversed, expunged, or otherwise invalidated, claims in his First Amended Complaint that, if successful, would imply the invalidity of his conviction will be barred by <u>Heck</u>. <u>See</u> <u>Wallace</u>, 127 S. Ct. at 1098; <u>Heck</u>, 512 U.S. at 486-87. If Plaintiff is not convicted, an answer to his claim will be appropriate.

Because the Court cannot determine at this time whether a dismissal, a stay, or an answer to the First Amended Complaint is appropriate, the Court will order that the First Amended Complaint be served on Defendant Diaz. Defendant will not be required to file an answer to the First Amended Complaint at this time. Instead, he will have 60 days after service of the First Amended Complaint within which to file a brief: (1) providing the Court with the status of any criminal case against Plaintiff related to the incident described in the First Amended Complaint, and (2) discussing the applicability of <u>Wallace</u> based on the status of the criminal case. Plaintiff will have 30 days after service of the brief within which to file and serve a responsive brief. Defendant will have 15 days after service of the responsive brief within which to file and serve any reply brief.

**V.     Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed *In Forma Pauperis* is **denied** as moot. (Doc.# 7.)

(2)     Counts I and II and Defendants City of Phoenix Police Department, Kamp, and Nolder are **dismissed without prejudice**. (Doc.# 6.)

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 6), this Order, and both summons and request for waiver forms for Defendant Diaz.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120

days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to that Defendant. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that are returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If a Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant Diaz **must not** answer the First Amended Complaint **until further order of the Court**.

(10) For purposes of this Order, Defendant Diaz is **deemed to have been served** with the First Amended Complaint **on the date he or his attorney receives this Order**.

(11) Within **60 days** after service or waiver of service, Defendant Diaz **must file** and serve a brief:

- (a) providing the Court with the status of any criminal case against Plaintiff related the incident described in the First Amended Complaint, and

- (b) discussing the applicability of <u>Wallace</u> based on the status of the criminal case.

(12) Within **30 days** after service of the brief, Plaintiff **must file** and serve a responsive brief.

(13) Within **15 days** after service of the responsive brief, Defendant Diaz **must** file and serve any reply brief.

(14) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 4th day of March, 2010.

/s/ G. Murray Snow
G. Murray Snow
United States District Judge