| | |
|---|---|
| **WO** | SC |

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Corey Demar Shivers, ) No. CV 09-2285-PHX-GMS (MEA)
)
Plaintiff, ) **ORDER**
)
vs. )
)
Phoenix Police Department, et al., )
)
Defendants. )

Plaintiff Corey Demar Shivers, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(A)[1] and found that Plaintiff sufficiently stated a claim for illegal search and seizure in Count III against Defendant Diaz. Because the Court could not at that time determine whether a dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), a stay pursuant to Wallace v. Kato, 549 U.S. 384 (2007), or an answer to the First Amended Complaint was appropriate, the Court ordered Defendant Diaz served with the First Amended Complaint but stayed the filing of a response for 60 days. Diaz was required to then file a brief regarding the status of Plaintiff's state criminal cases related to the incident at issue in the First Amended Complaint, and discuss the

---

[1] Under § 1915(A), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity and must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

applicability of Wallace based on the status of the criminal case. (Doc. 8.) Diaz has filed a brief, Plaintiff has filed a response, and Diaz has filed a reply. (Doc. 11-13.) Most recently, Plaintiff has filed a notice asking the Court to stop withdrawals from his inmate account for the $350.00 filing fee because this case is not "being pursued in court."[2] (Doc. 14.) The Court will dismiss the only pending claim in this case pursuant to Heck v. Humphrey because that claim has not yet accrued and deny Plaintiff's motion to stop withdrawals from his inmate account for the filing fee.

**I.      Background**

Except as otherwise indicated, Plaintiff alleged the following facts in his First Amended Complaint: On February 20, 2009, Phoenix Police Officer Kamp told Plaintiff in front of family members and Deputy Maricopa County Attorney April Sponsel that he (Kamp) was going to put Plaintiff in prison like his brother. Plaintiff contended that Kamp made the statement because the court in a criminal case against Plaintiff's brother imposed a reduced sentence in response to a letter submitted by Plaintiff to the court. Plaintiff claimed that on May 2, 2009, Kamp followed through on his threat by perjuring himself in a police report falsely charging Plaintiff with threatening, intimidation, and assisting a street gang.

On May 16, 2009, the Phoenix Police Department and numerous officers and detectives searched Plaintiff's apartment pursuant to a search warrant. The search warrant had been issued based upon an affidavit made by Defendant Diaz that, in part, falsely stated Plaintiff had made threatening calls to the police department and several employees on May 2. (Doc. 6 at 4.) In fact, Diaz and Officer Nolder had already arrested Timothy Jordan Jones for the calls and Jones had admitted making the threatening calls. (Id.) Plaintiff contended that Diaz made false statements in his affidavit in support of his request for a search warrant in order to follow through on Kamp's threat.

---

[2] Although not relevant to the requirement that he pay the filing fee for this case pursuant to the Prison Litigation Reform Act, Plaintiff has not filed a notice seeking to voluntarily dismiss this case.

According to Superior Court orders available on-line: Following his May 16 arrest, Plaintiff requested production of the affidavit submitted in support of the search warrant. A copy of the warrant, absent two pages, was produced to the Plaintiff. Plaintiff subsequently sought to preclude the state's use of the "search warrant, its affidavit and probable cause statement and all evidence obtained pursuant to the warrant" based on the tardy production of the two missing pages from the affidavit.[3] On December 4, 2009, following an evidentiary hearing, the Maricopa County Superior Court denied Plaintiff's motion to suppress.[4] In its minute order, the Superior Court stated there was no question that Timothy J. Jones, rather than Plaintiff, was responsible for the threatening May 2 calls and that Jones had been arrested prior to Plaintiff's arrest. See n.3, supra. However, the Superior Court found that the balance of the affidavit was sufficient to support probable cause for issuance of the search warrant of Plaintiff's residence based on a separate incident in which Plaintiff threatened Phoenix Police Officers and made statements about a local street gang. See n.3, supra. The Superior Court stated that "no evidence was produced at this hearing which showed that either state's counsel or the police officers involved willfully withheld the two pages in question from the defense."[5] See n.3, supra.

/ / /

---

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/M4001684.pdf. A mistrial was declared in CR2009-134188, but Plaintiff was subsequently convicted of threatening or intimidating to cause physical injury to another person and being a criminal street gang member and, on June 18, 2010, the court suspended imposition of sentence and placed Plaintiff on probation for three years and incarceration in the County Jail for 331 days with credit for serving 331 days. See http://www.courtminutes.maricopa.gov/docs/Criminal/062010/m4271331.pdf. In CR2009-130017, Plaintiff was convicted of threatening or intimidating to promote, further, or assist in the interest of a criminal street gang and assisting a criminal street gang. See http://www.courtminutes.maricopa.gov/docs/ Criminal/052010/m4214514.pdf. On June 28, 2010, the court denied Plaintiff's motion for new trial in CR2009-130017. See http://www.courtminutes.maricopa.gov/docs/Criminal/072010/m4286898.pdf.

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m4001684.pdf.

[5] Id., Minute Entry at page 7.

1  **II.  Discussion**

Plaintiff designated Count III of his First Amended Complaint as a claim for violation of his Fourth Amendment rights. In addressing that claim, the Court stated:

> The Supreme Court has held that a criminal defendant has a right under the Fourth Amendment to challenge the truthfulness of statements made in an affidavit supporting a search warrant. See Franks v. Delaware, 438 U.S. 154, 156 (1978); United States v. Barton, 995 F.2d 931, 934 (9th Cir. 1993). Further, the Fourth Amendment is violated when state officials "intentionally or recklessly submit[] false statements in an affidavit supporting a search warrant. Johnson v. Garza, 564 F.Supp.2d 845, 850 (N.D. Ill. 2008) (citing United States v. Hoffman, 519 F.3d 672, 675 (7th Cir. 2008), as following Franks, 438 U.S. at 156); see Crowe v. County of San Diego, 593 F.3d 841, 870 (9th Cir. 2010) (citing intentional and reckless standard).
>
> Plaintiff alleges that Defendant Diaz perjured himself in an affidavit submitted in support of [a] search warrant. Specifically, Plaintiff asserts that Diaz falsely implicated Plaintiff in making threatening calls to police stations on May 2, 2009, after Diaz and Nolder had arrested the actual perpetrator, who had admitted responsibility for the calls.
>
> Plaintiff sufficiently states a claim against Diaz for violation of his Fourth Amendment rights. . . .

(Doc. 8 at 5-6.) The Court ordered the First Amended Complaint served on Diaz, stayed the filing of a response for 60 days, and ordered Diaz to then address the status of Plaintiff's state criminal cases with a response to be filed by Plaintiff.

In his brief, Diaz argues that the sole remaining claim in the First Amended Complaint should be dismissed pursuant to Heck because it has not yet accrued. (Doc. 11.) Plaintiff responded that a hearing on a motion for new trial was scheduled and that he had been acquitted of one count in each criminal case. (Doc. 12.) In reply, Defendant argues that acquittal of one count does not remove the Heck bar where Plaintiff was convicted of other counts that relied on the evidence found pursuant to the allegedly illegal search warrant and those convictions have not been set aside. (Doc. 13.)

A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; a prisoner's *sole* federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Docken

v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination" of the underlying conviction. See Heck, 512 U.S. at 489; Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's cause of action under § 1983 has not yet accrued. Id. at 489. Thus, success on any claim for damages pursuant to § 1983 that would necessarily imply the invalidity of confinement, or its duration, does not accrue "and may not be brought" unless and until the underlying conviction, sentence or parole decision is reversed. Only then may a plaintiff properly seek relief pursuant to 42 U.S.C. § 1983.

Because success on Plaintiff's Fourth Amendment claim would necessarily imply the invalidity of Plaintiff's underlying convictions, that claim will not accrue unless or until his underlying convictions are reversed. The Court finds that Count III, the only remaining count, has not yet accrued under Heck. Accordingly, the Court will dismiss the First Amended Complaint and this action.

**III.    Motion to Stop Litigation Fees**

As noted above, Plaintiff has filed a motion to stop withdrawals from his inmate trust account for payment of the filing fee assessed for filing this case. (Doc. 14.) Plaintiff's motion will be denied. Regardless of the status of this case, Plaintiff remains obligated to pay the filing fee in full. "[I]f a prisoner brings a civil action . . . *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).

Plaintiff became liable for the filing fee upon the filing of his Complaint in this case. (Doc. 4.) The subsequent dismissal of this action does not absolve him of the obligation and § 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from

having to pay the filing fee in full.

**IT IS ORDERED**:

(1) The First Amended Complaint and this action are **dismissed**. (Doc. 6.)

(2) Plaintiff's motion to stop litigation fees is **denied**. (Doc. 14.)

(3) The Clerk of Court must enter a judgment of dismissal of this action and that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 8th day of September, 2010.

/s/ G. Murray Snow
G. Murray Snow
United States District Judge