**WO**                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Corey Demar Shivers, | ) | No. CV 09-2285-PHX-GMS (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Phoenix Police Department, et al., | ) | |
| Defendants. | ) | |

    Plaintiff Corey Demar Shivers, who was then-confined in the Fourth Avenue Jail in Phoenix, Arizona, brought this action for relief pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* and to incrementally pay the $350.00 filing fee. (Doc. 4.) In an Order filed on September 8, 2010, the Court dismissed this action and denied Plaintiff's motion to stop the incremental withdrawal of funds to pay the filing fee. (Doc. 15.) Plaintiff has now filed the following documents: "Notice of Clarification of Charge," "Notice of Discharge of Outstanding Civil Action and Request for Clarification," and "Notice of Request to Cease Harrassment [sic]." (Doc. 17-19.) The thrust of each of these documents is Plaintiff's attempt to stop the collection of fees from his inmate trust account for this, and other, section 1983 cases filed by him in federal court. Plaintiff's requests for clarification will be granted to the extent stated herein and other relief will be denied.

    Plaintiff expressly consented to the collection of fees from his inmate trust account

when he applied to proceed *in forma pauperis*. (Doc. 3 at 2.) Specifically,

> I, Corey Demar Shivers, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of the filing fees in accordance with 28 U.S.C. §1915(b).
> My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
> (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
> (B) the average monthly balance in my account for the six-month period preceding my filing of this action.
> My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

(Doc. 3 at 2.) In the Order filed January 6, 2010, the Court informed Plaintiff of the following:

> Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). *Plaintiff must pay the statutory filing fee of $350.00.* 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $7.57. *The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.* 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

(Doc. 4 at 1) (emphasis added). Thus, Plaintiff expressly consented to the collection of the fee and was expressly informed of the obligation to pay the $350.00 filing fee.

Regardless of the outcome in this case, Plaintiff remains obligated to pay the filing fee in full. Section 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from the obligation to pay the filing fee in full. Accordingly, Plaintiff's post-judgment notices will be denied to the extent that he seeks anything other than clarification regarding the withdrawal of sums from his inmate trust account for the balance of the filing fee in this case.

**IT IS ORDERED** that Plaintiff's Notices are **granted in part** and **denied in part**. (Doc. 17-19.) The Notices are **granted** to the extent that Plaintiff seeks clarification and

otherwise **denied**.

DATED this 3rd day of January, 2011.

G. Murray Snow
United States District Judge